IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO.

JOHN LEATO,

    Plaintiff,

v.

RESURGENT CAPITAL SERVICES, LP and
LVNV FUNDING, LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

### PARTIES

4.    Plaintiff, John Leato ("Plaintiff"), is a natural person who at all relevant times resided in the State of Illinois, County of Cook, and City of Midlothian.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Resurgent Capital Services, LP ("Resurgent"), is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Resurgent is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, LVNV Funding, LLC ("LVNV"), is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Resurgent.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Resurgent, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. LVNV purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14. LVNV acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

15. LVNV is thoroughly enmeshed in the debt collection business, and LVNV is a significant participant in Resurgent's debt collection process.

16. In connection with the collection of an alleged debt in default, Resurgent, itself and on behalf of LVNV, sent Plaintiff initial written communication dated January 17, 2012, regarding account number ending in 4199 ("Account 4199"), and in such communication, stated in relevant part:

> Previous Creditor: Plains Asset Managemen
> Current Creditor: LVNV Funding LLC
> Account Number: [*] 4199
> Balance: $207.42

Dear John M Leato:

This account has been placed with Resurgent Capital Services L.P.

Enclosed please find validation of debt that verifies the debt.

(See January 17, 2012 Correspondence, attached as Exhibit A).

17. Resurgent then provided the notices required by 15 U.S.C. § 1692g at the bottom of its January 17, 2012 initial communication.

18. Resurgent's January 17, 2012 initial communication would lead the least sophisticated consumer to overlook his rights to dispute the alleged debt or his right to seek verification of the alleged debt by enclosing "validation of debt that verifies the debt" in its initial communication, which is a representation inconsistent with the disclosures required by 15 USC § 1692g(a) within the thirty-day dispute period.

19. Further, Resurgent's January 17, 2012 initial communication overshadowed the disclosures required pursuant to 15 U.S.C. § 1692g by leading the least sophisticated consumer to overlook his rights.

20. Resurgent's January 17, 2012 initial communication also failed to inform Plaintiff that Account 4199 would accrue interest.

21. Plaintiff disputed the alleged debt prior to January 23, 2012. (See Dispute Letter, attached as Exhibit B).

22. Upon information and good-faith belief, Resurgent received Plaintiff's dispute letter.

23. In response, Resurgent, itself and on behalf of LVNV, sent Plaintiff written communication dated January 23, 2012, and in such communication, stated that the balance owed was $207.51, and stated that it was "investigating [Plaintiff's] claim." (See January 23, 2012 Correspondence, attached as Exhibit C).

24. As such, Resurgent's January 23, 2012 communication indicates that interest, other fees, or charges had accrued, evidenced by the increase in the amount due from "$207.42" to "$207.51."

25. Resurgent's January 17, 2012 communication is misleading to the "least sophisticated consumer" who could readily conclude that the total account balance stated as due was due *at any time,* when in fact it was not, and was subject to adjustment on a periodic basis.

26. Resurgent's omission of material information in its January 17, 2012 communication, would deceive or mislead the least sophisticated consumer as to the character and amount of the alleged debt.

27. Thus, Resurgent's January 17, 2012 initial written communication failed to clearly and effectively state the amount of the debt as required pursuant to 15 U.S.C. § 1692g(a)(1).

28. By sending its January 23, 2012 communication without providing verification of the debt after having received written communication from Plaintiff disputing the alleged debt, Resurgent violated 15 U.S.C. § 1692g(b).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## RESURGENT

29. Plaintiff repeats and re-alleges each and every factual allegation above.

30. Resurgent violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt when failing to state that the alleged debt was continuing to accrue interest.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Resurgent violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## LVNV

31. Plaintiff repeats and re-alleges each and every factual allegation above.

32. Resurgent violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt when failing to state that the alleged debt was continuing to accrue interest.

33. LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Resurgent, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LVNV violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)
## RESURGENT

34. Plaintiff repeats and re-alleges each and every factual allegation above.

35. Resurgent violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt, including, but not limited to: misrepresenting the amount of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Resurgent violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
### VIOLATION OF 15 U.S.C. § 1692e(10)
### LVNV

36. Plaintiff repeats and re-alleges each and every allegation contained above.

37. Resurgent violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt, including, but not limited to: misrepresenting the amount of the alleged debt.

38. LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Resurgent, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LVNV violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
### VIOLATION OF 15 U.S.C. § 1692g(a)(1)
### RESURGENT

39. Plaintiff repeats and re-alleges each and every allegation contained above.

40. Resurgent violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt in its January 17, 2012 initial correspondence or within five (5) days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Resurgent violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
## LVNV

41. Plaintiff repeats and re-alleges each and every allegation contained above.

42. Resurgent violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt in its January 17, 2012 initial correspondence or within five (5) days thereof.

43. LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Resurgent, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LVNV violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in

the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692g(b)
## RESURGENT

44. Plaintiff repeats and re-alleges each and every allegation contained above.

45. Resurgent violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff without having first provided verification of the debt, after having received a written communication from Plaintiff disputing the debt.

46. Resurgent violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a), during the thirty-day dispute period.

47. Resurgent violated 15 U.S.C. § 1692g(b) by making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Resurgent violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
### VIOLATION OF 15 U.S.C. § 1692g(b)
### LVNV

48. Plaintiff repeats and re-alleges each and every allegation contained above.

49. Resurgent violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff without having first provided verification of the debt, after having received a written communication from Plaintiff disputing the debt.

50. Resurgent violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a), during the thirty-day dispute period.

51. Resurgent violated 15 U.S.C. § 1692g(b) by making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a).

52. LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Resurgent, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LVNV violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

53. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 4th day of December, 2012.

        Respectfully submitted,
        **JOHN LEATO**

        By:/s/Alex D. Weisberg
        ALEX D. WEISBERG
        FBN: 0566551
        WEISBERG & MEYERS, LLC
        ATTORNEYS FOR PLAINTIFFS
        5722 S. Flamingo Rd, Ste. 656
        Cooper City, FL 33330
        (954) 212-2184
        (866) 577-0963 fax
        aweisberg@attorneysforconsumers.com